## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT D. WOODS, #358884 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. CCB-11-1074 |
| ARAMARK CORRECTIONAL SERVICES, LLC. | * | |
| | * | |
| Defendant | | |
| | *** | |

## MEMORANDUM

This is Robert D. Woods's civil rights complaint under 42 U.S.C. § 1983, as supplemented at court direction, alleging that defendant caused him to be served him meals full of salt while a detainee at the Baltimore County Detention Center, contrary to the cardiac diet prescribed by the Detention Center's physician.  He claims the meals "caused [him] to suffer from many of the sym[p]toms of high blood pressure" and "could have caused serious harm to his health or resulted in death." Complaint, p. 1, 3.  Woods is presently an inmate at the Western Correctional Institution.

The Court is mindful that Woods is a self-represented litigant in this proceeding and accords his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007).   Liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir.1990).  The court is obliged to dismiss an action filed by a prisoner that fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2).

A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations ... to raise a right to relief above the speculative level...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks

omitted). A plaintiff's basis for relief "requires more than labels and conclusions...." *Id.* A plaintiff

must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de*

*Nemours & Company,* 324 F.3d 761, 765 (4th Cir.2003).  Determining whether a complaint states a

plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1950

(2009).   A court screening a complaint under Rule 12(b)(6) can identify pleadings that are not

entitled to an assumption of truth because they consist of no more than labels and conclusions. *Id.*

Under this standard, the court will dismiss this claim without prejudice for reasons to follow.

Title 42 U.S. C. § 1983 provides that "[e]very person who, under color of any statute,

ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the

United States ... to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable." only against a person.  Thus, to state a claim for relief under

§ 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of

the United States and, second, that the alleged deprivation was committed or caused by a person

acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  A private corporation,

however, even assuming it qualifies as a state actor, is liable under § 1983 "*only* when an official

policy or custom of the corporation causes the alleged deprivation of federal rights."  *Austin v.*

*Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original).  Even assuming,

without deciding, that Aramark "acted under the color of state law for the purposes of § 1983 by

performing the traditional governmental function of providing food service at the Jail," *Coleman v.*

*Aramark,* 31 F. App'x 808, 809 (4th Cir. 2002) (unpublished)[1], Woods's complaint does not

identify any specific Aramark policy or practice that caused the alleged constitutional violation.

---

[1] Unpublished cases are cited only for their reasoning and not as precedent.

Woods also fails to "allege[] a clear and consistent pattern of constitutionally-deficient food service

of which Aramark had notice, and failed to act upon," as would be required in order for Aramark to

incur 1983 liability. *Williams v. Aramark Food Serv.*, No. 5:08-CT-3168-D, 2011 WL 4460440 at

*3 (E.D.N.C. Sept. 26, 2011). Moreover, to the extent Woods might intend to hold Aramark liable

under a theory of respondeat superior, the doctrine does not apply in § 1983 actions. *See Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Lastly, Woods fails to demonstrate that he actually suffered any injury as a result of the

alleged salty meals. He merely asserts the meals provided to him "caused [him] to suffer from

many of the sym[p]toms of high blood pressure" and "could" have caused him harm. Complaint, p.

1, 3. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a

plaintiff must produce evidence of a serious or significant physical or emotional injury resulting

from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Woods

has provided no such evidence. Furthermore, Woods has not met his burden to establish that

"officials acted with a sufficiently culpable state of mind" to incur liability under the Eighth

Amendment. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).

For the foregoing reasons, the court will dismiss the complaint without prejudice by separate

order pursuant to 28 U.S.C § 1915(e)(2)(B)(ii). A separate order follows.


<u>September 29, 2011</u>                                          _____/s/_____
Date                                                             Catherine C. Blake
                                                                 United States District Judge


3